UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE HARVEY, individually and on behalf of all others similarly situated,<br><br>v.<br><br>COMMUNITY HEALTH NETWORK, INC. | Case No. 1:22-cv-00659<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### Summary

1. Like many other companies across the United States, Community Health's timekeeping and payroll systems were affected by the hack of Kronos in 2021.

2. That hack led to problems in timekeeping and payroll throughout Community Health's organization.

3. As a result, Community Health's workers who were not exempt from the overtime requirements under federal and state law, were not paid for all hours worked or were not paid their proper overtime premium after the onset of the Kronos hack.

4. Brooke Harvey is one such Community Health worker.

5. Community Health could have easily implemented a system for recording hours and paying wages to non-exempt employees until issues related to the hack were resolved.

6. But it didn't. Instead, Community Health used prior pay periods or reduced payroll estimates to avoid paying wages and proper overtime to these non-exempt hourly and salaried employees.

7. Community Health pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce.

8. The burden of the Kronos hack was made to fall on front-line workers—average Americans—who rely on the full and timely paymet of their wages to make ends meet.

9. Community Health's failure to pay wages, including proper overtime, for all hours worked violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Indiana Minimum Wage Law (IMWL), I.C. § 22-2-2, *et seq.*, and the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5, *et seq.*

10. Harvey brings this lawsuit to recover these unpaid overtime wages and other damages owed by Community Health to him and the non-overtime-exempt workers like him, who were the ultimate victims of not just the Kronos hack, but also Community Health's decision to make its front line workers bear the economic burden for the hack.

11. This action seeks to recover the unpaid wages and other damages owed by Community Health to all these workers, along with the penalties, interest, and other remedies provided by federal and Indiana law.

## JURISDICTION & VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Community Health is headquartered in this District.

## PARTIES

15. **Plaintiff Brooke Harvey** is a natural person.

16. Harvey has been, at all relevant times, an employee of Community Health.

17. Harvey has worked for Community Health since February 2005.

18. Harvey's written consent is attached as Exhibit 1.

19. Harvey represents at least two groups of similarly situated Community Health workers.

20. Harvey represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former hourly and salaried employees of Community Health (including any subsidiaries and alter egos) who were non-exempt under the FLSA and who worked for Community Health in the United States at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

21. Harvey represents a class of similarly situated workers under Indiana law pursuant to Federal Rule of Civil Procedure 23. This "Indiana Class" is defined as:

> **All current or former hourly and salaried employees of Community Health (including any subsidiaries and alter egos) who were not exempt from overtime pay and who worked for Community Health in Indiana at any time since the onset of the Kronos ransomware attack, on or about December 11, 2021, to the present.**

22. Together, throughout this Complaint, the FLSA Collective members and Indiana Class members are referred to as the "Similarly Situated Workers."

23. **Defendant Community Health Network, Inc. ("Community Health")** is a domestic corporation.

24. Community Health maintains its headquarters and principal place of business in this District.

25. Community Health may be served by service upon its registered agent, **Karen Ann P. Lloyd, 7330 Shadeland Station, Ste. 200, Indianapolis, IN 46256**, or by any other method allowed by law.

26. The Indiana Business ID of Community Health is 192854A118.

27. Community Health maintains 216 assumed names in Indiana under which it conducts business.

28. Each of Community Health's 216 assumed names operates under the same Indiana Business ID number.

29. The 216 assumed names under which it conducts business are some, but not all of, Community Health's "alter egos."

30. At all relevant times, Community Health exerted operational control over its subsidiaries and alter egos.

31. At all relevant times, Community Health substantially controlled the terms and conditions of employment for workers of its subsidiaries and alter egos.

32. At all relevant times, Community Health had a common control and management of labor relations regarding employees of its subsidiaries and alter egos.

33. Community Health employed and/or jointly employed, with its subsidiaries and alter egos, Harvey and the Similarly Situated Workers.

34. Community Health and its respective subsidiaries and alter egos are joint employers for purposes of the FLSA.

35. Community Health and its respective subsidiaries and alter egos are joint employers for purposes of Indiana law.

## COVERAGE UNDER THE FLSA

36. At all relevant times, Community Health was an employer of Harvey within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all relevant times, Community Health was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all relevant times, Community Health has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. During at least the last three years, Community Health has had gross annual sales in excess of $500,000.

40. During at least the last three years, Community Health was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

41. Community Health employs many workers, including Harvey, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

42. The goods and materials handled, sold, or otherwise worked on by Harvey, and other Community Health employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

43. Community Health is a healthcare system operating hospitals, health pavilions and doctors offices.

44. Community Health also provides healthscare services within workplaces, schools, and homes.

45. Community Health operates more than 200 sites of care and affiliates throughout Central Indiana.

46. Many of Community Health's employees are paid by the non-overitme-exempt hourly and salaried workers.

47. Since at least 2021, Community Health has used timekeeping software and hardware operated and maintained by Kronos.

48. On or about December 11, 2021, Kronos was hacked with ransomware.

49. The Kronos interfered with its clients, including Community Health's, ability to use Kronos's software and hardware to track hours and pay employees.

50. Since the onset of the Kronos hack, Community Health has not kept accurate track of the hours that Harvey and Similarly Situated Workers have worked.

51. Instead, Community Health has used various methods to estimate the number of hours Harvey and Similarly Situated Workers work in each pay period.

52. For example, Community Health issued paychecks based on the workers' scheduled hours, or simply duplicated paychecks from pay periods prior to the Kronos hack.

53. This means that employees who were non-exempt and who worked overtime were in many cases paid less than the hours they worked in the workweek, including overtime hours.

54. Even if certain overtime hours were paid, the pay rate would be less than the full overtime premium.

55. Many employees were not even paid their non-overtime wages for hours worked before 40 in a workweek.

56. Harvey is one such employee.

57. Instead of paying Harvey for the hours he actually worked (including overtime hours), Community Health simply paid based on estimates of time or pay, or based upon arbitrary calculations and considerations **other than** Harvey's actual hours worked and regular pay rates.

58. In some instances, Harvey was paid portions of overtime hours worked, but the overtime rate was not at the proper overtime premium of at least 1.5x the regular rate of pay, including required adjustments for shift differentials and non-discretionary bonsuses.

59. In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week, and (2) the employee's regular rate, taking into account shift differentials, non-discretionary bonuses, and other adjustments required by law.

60. Community Health knows they have to pay proper overtime premiums to non-exempt hourly and salaried employees.

61. Community Health knows this because, prior to the Kronos hack, it routinely paid these workers for all overtime hours at the proper overtime rates.

62. Community Health knows it has to pay the wages it agreed to pay its employees.

63. Community Health knows this because, prior to the Kronos hack, it routinely paid these workers for all hours worked at the rates it agreed to pay them.

64. Community Health could have instituted any number of methods to accurately track and timely pay its employees for all hours worked.

65. Instead of accurately tracking hours and paying employees wages and overtime, Community Health decided to arbitrarily pay these employees, without regard to the wages and overtime they were owed.

66. It was feasible for Community Health to have its employees and managers report accurate hours so they could be paid for the work they did for the company.

67. But they didn't do that.

68. In other words, Community Health pushed the effects of the Kronos hack onto the backs of their most economically vulnerable workers, making sure that it kept the money owed to those employees in its own pockets, rather than take steps to make sure its employees were paid on time and in full for the work they did.

69. Harvey is one of Community Health's employees who had to shoulder the burden of this decision by Community Health.

70. Harvey was and is a non-exempt hourly employee of Community Health.

71. Harvey regularly works over 40 hours per week for Community Health.

72. Harvey's normal, pre-Kronos hack hours are reflected in Community Health's records.

73. Harvey had contractual agreement with Community Health to pay him for all hours worked.

74. Harvey's contractual agreement with Community Health required him to be paid for all hours worked at an amount equal to his regular rate for hours up to 40 in a workweek, and at an overtime premium of no less than 1.5x his regular rate of pay for hours over 40 in a workweek.

75. Since the Kronos hack, Community Health has not paid Harvey for him actual hours worked each week.

76. Since the hack took place, Community Health has not been accurately recording the hours worked by Harvey and its other workers.

77. Since the Kronos hack, Community Health has not paid Holdbert and its other workers pursuant to its contractual agreement with them.

78. Even though Community Health has had Harvey record and submit him hours, Community Health have not issued proper payment for all hours worked.

79. Even when Community Health has issued payment to Harvey for any overtime, the overtime is not calculated based on Harvey's regular rates, as required by federal and Indiana law.

80. Community Health was aware of the overtime requirements of the FLSA.

81. Community Health nonetheless failed to pay the full overtime premium owed to certain non-exempt hourly and salaried employees, such as Harvey.

82. Community Health's failure to pay overtime to these non-exempt workers was, and is, a willful violation of the FLSA.

83. The full overtime wages owed to Harvey and the Similarly Situated Workers became "unpaid" when the work for Community Health was done—that is, on Harvey and the Similarly Situated Workers' regular paydays. *E.g.*, *Martin v. United States*, 117 Fed. Cl. 611, 618 (2014); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993); *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Indus.*, 140 F.2d 826, 828 (7th Cir.1944).

84. At the time Community Health failed to pay Harvey and the Similarly Situated Workers in full for their overtime hours by their regular paydays, Community Health became liable for all prejudgment interest, liquidated damages, penalties, and any other damages owed under federal law.

85. In other words, there is no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993).

86. Even if Community Health made any untimely payment of unpaid wages due and owing to Harvey or the Similarly Situated Workers, any alleged payment was not supervised by the Department of Labor or any court.

87. The untimely payment of overtime wages, in itself, does not resolve a claim for unpaid wages under the law. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed.Appx. 682, 683 (9th Cir. 2015); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

88. Nor does the untimely payment of wages, if any, compensate workers for the damages they incurred due to Community Health's acts and omissions resulting in the unpaid wages in the first place.

89. Harvey and the Similarly Situtated Workers remain uncompensated for the wages and other damages owed by Community Health under federal and Indiana law.

**COLLECTIVE ACTION ALLEGATIONS**

90. Harvey incorporates all other allegations.

91. Numerous individuals were victimized by Community Health's patterns, practices, and policies, which are in willful violation of the FLSA.

92. Based on him experiences and tenure with Community Health, Harvey is aware that Community Health's illegal practices were imposed on the FLSA Collective.

93. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

94. These employees are victims of Community Health's unlawful compensation practices and are similarly situated to Harvey in terms of the pay provisions and employment practices at issue in this lawsuit.

95. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

96. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

97. Community Health's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

98. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

99. Harvey incorporates all other allegations.

100. The illegal practices Community Health imposed on Harvey were likewise imposed on the Indiana Class members.

101. Numerous other individuals who worked for Community Health were were not properly compensated for all hours worked, as required by Indiana law.

102. The Indiana Class is so numerous that joinder of all members of the class is impracticable.

103. Community Health imposed uniform practices and policies on Harvey and the Indiana Class members regardless of any individualized factors.

104. Based on him experience and tenure with Community Health, as well as coverage of the Kronos hack, Harvey is aware that Community Health's illegal practices were imposed on the Indiana Class members.

105. Indiana Class members were all not paid proper overtime when they worked in excess of 40 hours per week.

106. Indiana Class members were all not paid their contractually agreed wages.

107. Community Health's failure to pay wages and overtime compensation in accordance with Indiana law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

108. Community Health's failure to pay contractually agreed wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Indiana Class members.

109. Harvey's experiences are therefore typical of the experiences of the Indiana Class members.

110. Harvey has no interest contrary to, or in conflict with, the members of the Indiana Class. Like each member of the proposed class, Harvey has an interest in obtaining the unpaid wages and other damages owed under the law.

111. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

112. Absent this action, many Indiana Class members likely will not obtain redress of their injuries and Community Health will reap the unjust benefits of violating Indiana law.

113. Furthermore, even if some of the Indiana Class members could afford individual litigation against Community Health, it would be unduly burdensome to the judicial system.

114. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

115. The questions of law and fact common to each of the Indiana Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Indiana Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

    b. Whether Community Health's failure to pay overtime at the rates required by law violated the Indiana Minimum Wage Act.

116. Harvey's claims are typical of the Indiana Class members. Harvey and the Indiana Class members have all sustained damages arising out of Community Health's illegal and uniform employment policies.

117. Harvey knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

118. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### First Cause of Action—Violations of the FLSA

119. Harvey incorporates each other allegation.

120. By failing to pay Harvey and the FLSA Collective members overtime at 1.5 times their regular rates, Community Health violated the FLSA. 29 U.S.C. § 207(a).

121. Community Health owe Harvey and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

122. Community Health owe Harvey and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

123. Community Health knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

124. Because Community Health knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Community Health owe these wages for at least the past three years.

125. Community Health's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

126. Because Community Health's decision not to pay overtime was not made in good faith, Community Health also owes Harvey and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

127. Accordingly, Harvey and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE IMWL

128. Harvey incorporates all other allegations.

129. The conduct alleged in this Complaint violates the IMWL, I.C. § 22-2-2, *et seq.*

130. Community Health was and is an "employer" within the meaning of the IMWL.

131. At all relevant times, Community Health employed Harvey and the other Indiana Class members as "employees" within the meaning of the IMWL.

132. At all relevant times, Community Health employed two or more employees each week.

133. The IMWL requires an employer like Community Health to pay overtime to all non-exempt employees.

134. Harvey and the other Indiana Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5x their regular rate.

135. Within the applicable limitations period, Community Health had a policy and practice of failing to pay proper overtime to the Indiana Class members for their hours worked in excess of 40 hours per week.

136. As a result of Community Health's failure to pay proper overtime to Harvey and the Indiana Class members for work performed in excess of 40 hours in a workweek, Community Health violated the IMWL.

137. Harvey and the Indiana Class members are entitled to overtime wages under the IMWL in an amount equal to 1.5x their regular rates of pay, attorneys' fees, costs, liquidated damages, and all other legal and equitable relief provided under the IMWL.

### THIRD CAUSE OF ACTION—VIOLATIONS OF THE IWPS

138. Harvey incorporates all other allegations.

139. The conduct alleged in this Complaint violates the IWPS, I.C. § 22-2-5, *et seq.*

140. Community Health was and is an "employer" within the meaning of the IWPS.

141. At all relevant times, Community Health employed Harvey and the other Indiana Class members as "employees" within the meaning of the IWPS.

142. The IMWL requires an employer like Community Health to pay overtime to all non-exempt employees.

143. Community Health failed to pay earned wages to Harvey and the Indiana Class members within 10 business days.

144. Community Health had a policy and practice of failing make timely payemnts to the Harvey and the Indiana Class members.

145. Community Health did not act in good faith in failing to pay earned wages to Harvey and the Indiana Class members and in violating the IWPS.

146. As a result of Community Health's failure to pay earned wages to Harvey and the Indiana Class members within the time required by the IWPS, Community Health violated the IWPS.

147. Harvey and the Indiana Class members are entitled to recover all wages due to them, liquidated damages in an amount equal to 2x of the wages due to them, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS.

**RELIEF SOUGHT**

Harvey prays for judgment against Community Health as follows:

    a.    For an order certifying a collective action for the FLSA claims;

    b.    For an order certifying a class action for the Indiana law claims;

    c.    For an order finding Community Health liable for violations of state and federal wage laws with respect to Harvey and all FLSA Collective and Indiana Class members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Harvey and all FLSA Collective members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties, to Harvey and all Indiana Class members covered by this case;

f. For an equitable accounting and restitution of wages due to Harvey and all FLSA Collective and Indiana Class members members covered by this case;

g. For a judgment awarding costs of this action to Harvey and all FLSA Collective and Indiana Class members covered by this case;

h. For a judgment awarding attorneys' fees to Harvey and all FLSA Collective and Indiana Class members covered by this case;

i. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Harvey and all FLSA Collective and Indiana Class members covered by this case; and

j. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: _____
*/s/ Matthew S. Parmet*
**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**