IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE HARVEY, et al., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs, | ) Case No. 1:22-cv-000659-RLM-MJD |
| | ) |
| COMMUNITY HEALTH NETWORK, INC., | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

Plaintiff Brooke Harvey, on behalf of herself and others similarly situated, filed a lawsuit stemming from a December 2021 cyber-attack on defendant Community Health Network, Inc.'s payroll system, Kronos, that allegedly led to issues with timekeeping and payroll. Ms. Harvey claims that Community Health's failure to pay wages, including proper overtime, on time and in full for all hours worked violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. She also claims that Community Health's failure to pay wages, including proper overtime, on time and in full, for all hours worked to its workers in Indiana also violates the Indiana Minimum Wage Law, Indiana Code § 22-2-2 *et seq.*, and the Indiana Wage Payment Statute, Indiana Code § 22-2-5 *et seq.*

Community Health seeks a judgment on the pleadings against Ms. Harvey on her claims under the Indiana Minimum Wage Law. Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. Fed. R. Civ. P. 12(c). Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would

1

support his claim for relief." Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir.1993) (*quoting* Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989)). To succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. "[W]e will view the facts in the complaint in the light most favorable to the nonmoving party," GATX Leasing Corp. v. National Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir.1995).

Community Health argues that the pleadings establish that Community Health isn't subject to the Indiana Minimum Wage Law, and that any enforcement of minimum wage and overtime claims is through the federal Fair Labor Standards Act. Indiana Code Section 22–2–2–4(k), the Indiana Minimum Wage Law, states:

> Except as otherwise provided in this section, no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed.

The definition of "employer" exempts "any employer who is subject to the minimum wage provisions of the federal [FLSA]." Ind. Code § 22-2-2-3. Accordingly, the Indiana Minimum Wage Law doesn't apply to employers subject to the FLSA. Cox v. Gannett Company, Inc., 2016 WL 3165613, at *2 (S.D. Ind. June 7, 2016); *see also* Abner v. Dep't of Health, 777 N.E.2d 778, 785 (Ind. 2003) (determining that claims for overtime compensation cannot be raised under the Indiana Minimum Wage Law because FLSA is the exclusive remedy for enforcing rights under the FLSA statute).

The pleadings show that Community Health is an "employer" under the FLSA, so Ms. Harvey can't bring claims under the Indiana Minimum Wage Law. In her complaint, Ms. Harvey pleads Community Health is subject to the FLSA under 29 U.S.C. § 203. [Doc. No. 27, ¶¶ 37-41]. Ms. Harvey also concedes in her response brief, and doesn't contest a dismissal of her second cause of action of the amended complaint, which are her claims under the Indiana Minimum Wage Law. [Doc. No. 61]. Because Community Health is subject to the minimum wage, overtime, and statement of hours provisions in FLSA, Ms. Harvey cannot succeed on any claims under the Indiana Minimum Wage Law, and dismissal is appropriate. Heuberger v. Smith, No. 3:16-CV-386-JD-JEM, 2017 WL 3923271, at f.n.1 (N.D. Ind. Sept. 7, 2017); *see also* Richardson v. Town of Worthington, 44 N.E.3d 42, 44, 47 (Ind. Ct. App. 2015).

For the foregoing reasons, the court GRANTS Community Health's judgment on the pleadings as to Ms. Harvey's claims under the Indiana Minimum Wage Law (second cause of action of the amended complaint) without prejudice [Doc. No. 53].

SO ORDERED.

ENTERED: November 22, 2022

/s/ Robert L. Miller, Jr.
Judge
United States District Court

Distribution to all counsel of record via CM/ECF.