IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE HARVEY, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs, | ) Case No. 1:22-cv-000659-RLM-MJD |
| | ) |
| COMMUNITY HEALTH NETWORK, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Brooke Harvey brought a wage and hour collective action under Fair Labor Standards Act and the Indiana Wage Payment statute against Community Health Network after its cloud system, Kronos, had a system wide outage. The outage allegedly caused Community Health's failure to timely pay some of their employees' wages and overpay other employees. After the system was restored, Community Health determined that it underpaid wages to 7,680 non-exempt employees in the amount of $6.1 million and overpaid wages to 4,620 non-exempt employees in the amount of $8.5 million. About a month after Ms. Harvey filed this lawsuit, Community Health paid all the underpaid employees back wages.

After the parties participated in mediation, Ms. Harvey submitted a settlement agreement and release to the court and now moves, under Rule 23(e) of the Federal Rules of Civil Procedure, to (1) certify two classes under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes; (2) appoint Ms. Harvey to represent the members of the settlement classes; (3) preliminarily

approve the settlement of this action; (4) approve the timing, form, content, and manner of the giving of notice of the settlement to the settlement classes; and (5) set a final approval hearing regarding the final approval of the settlement, the award to class counsel of attorneys' fees, costs and expenses, and the award to the class representative of her service award.

The court has given due consideration to the terms of the settlement, the exhibits to the settlement agreement, the motion, and memorandum in support of preliminary approval of the settlement agreement, the declarations of Matthew Parmet and J. Corey Asay, and the record of proceedings, and now finds that the requested relief should be granted, and the proposed settlement should be preliminarily approved.

## THE PROPOSED SETTLEMENT

Ms. Harvey filed the settlement agreement for preliminary approval. The parties have submitted two proposed classes, a Fair Labor Standards Act settlement class and an Indiana state law settlement class. By the settlement agreement, the two defined groups are non-exempt employees who worked for Community Health in Indiana and non-exempt employees who worked for Community Health outside of Indiana. Some of these members, such as Ms. Harvey, are in both classes. The settlement agreement provides for a maximum gross settlement amount of $3,990,000.00, including all payments to settlement class and its members, attorney's fees and litigation expenses, and a general

release payment to Ms. Harvey. Community Health will pay for a settlement administrator in addition to the gross settlement amount.

The amount allocated to settlement payments to the putative will be distributed this way:

> 1) Each claimant who is designated as "Net-Neutral" or "Net-Over" or "Net-Under-Minimal" will be paid $40.00 from the net settlement amount.
>
> 2) Other claimants who is designated as "Net-Under" shall be paid their pro-rata share of their underpaid amount as compared to the total amount of the "Net-Under" claimants' aggregate underpayment amount. For example, if a claimant's personal underpayment amount was 0.1% of the total "Net-Under" claimants' aggregate underpayment amount, then that claimant shall receive 0.1% of the net settlement amount as described above after the payments made in the above paragraph are applied.

[Doc. No. 84-1 at p. 19]. The settlement agreement also provides a notice of settlement to be provided to putative class members with an explanation of their rights and the effect of their decisions to deposit the settlement check, not respond, or to opt out of the lawsuit. Both Ms. Harvey and Community Health agree to these settlement terms, and all terms outlined in the proposed settlement agreement. [Doc. No. 84-1].

<u>PRELIMINARY APPROVAL STANDARD</u>

Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the court grants "final

approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant is released. Fed. R. Civ. P. 23(e)(1)-(2), (4)-(5).

That the parties have reached a settlement is a relevant consideration in the class-certification analysis. *See* Smith v. Spring Communications Co., 387 F.3d 612, 614 (7th Cir. 2004). But in deciding whether to grant "preliminary approval" to a proposed settlement, the court evaluates two questions: (1) whether "the court will likely be able to" grant final approval to the settlement as a fair, reasonable, and adequate compromise; and (2) whether "the court will likely be able to" certify the class to enter judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

ANALYSIS

A. The Court "Will Likely Be Able To" Grant Final Approval

In making a preliminary determination whether a proposed class action settlement is "fair, reasonable, and adequate," Federal Rule of Civil Procedure 23(e)(2) requires a court to consider whether (1) the class representatives and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the proposal treats class members equitably relative to each other, and (4) the relief provided by the settlement is adequate, considering (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class; (iii) the terms of any proposed award of attorney's fees; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3).

"Federal courts naturally favor the settlement of class action litigation." Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir. 1996). "Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." Armstrong v. Bd. Of Sch. Dir.'s of City of Milwaukee, 616 F.2d 305, 313 (7th Cir. 1980), *overruled on other grounds* Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998).

The relevant factors favor preliminary approval. The class representative, Ms. Harvey, and counsel have adequately represented the class by vigorously pursuing this litigation both through motion practice on the legal merits and through discovery of facts and potential damages. Fed. R. Civ. P. 23(e)(2)(A). Experienced counsel on both sides and assisted by an experienced complex litigation mediator, negotiated the proposal. Fed. R. Civ. P. 23(e)(2)(B). Ms. Harvey's class counsel, Matthew Parmet and J. Corey Asay, have experience litigating plaintiff-employees in wage-and-hour litigation arising under the FLSA and similar state wage-and-hour laws. Both class counsel support the settlement. Ms. Harvey also completed significant informal written discovery, engaged in motion practice to dismiss some claims, and participated in extensive mediation. Based on the submitted materials, it appears that the settlement has been reached because of serious and non-collusive, arm's-length negotiations, with both sides represented by experienced counsel familiar with the applicable facts and law.

The relief provided for by the settlement also appears adequate, considering the relevant factors. Fed. R. Civ. P. 23(e)(2)(C). The costs, risks, and delays of trial and appeal could've delayed any recovery for several years and would have risked the class recovering nothing had this court or an appellate court ruled against them on a motion for class certification, a motion for summary judgment, at trial, or on appeal from a final judgment. Fed. R. Civ. P. 23(e)(2)(C)(i). Although Ms. Harvey believes in the strength of the case, it wasn't without risk. Community Health's settlement offer is significant, amounting $3.99 million, which Ms. Harvey's counsel states amounts to a significant portion of actual damages alleged. Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 653 (7th Cir. 2006). The settlement offer also includes Community Health's forgiveness of any overpayments to class members, a value of $8,500,000.

The method of distributing the settlement amount is by direct payment via the settlement administrator by USPS, the best and most effective method of ensuring class members receive the funds they are due and requires no claims to be submitted. Fed. R. Civ. P. 23(e)(2)(C)(ii). *See* 4 William B. Rubenstein, Newberg on Class Actions § 12:17 (5th ed.) ("[T]he best practice in most cases is to create a system for distributing the class's funds without the necessity of any claiming process."). Attorneys' fees are subject to court approval and will only be paid and collected after final approval and based on the value of the settlement. Fed. R. Civ. P. 23(e)(2)(C)(iii). The parties also agreed that the attorneys' fees are

6

not to exceed 1/3 of the gross settlement amount. There are no side agreements under Rule 23(e)(3) to be considered. Fed. R. Civ. P. 23(e)(2)(C)(iv).

The proposal also treats the class members equitably. Fed. R. Civ. P. 23(e)(2)(D). The settlement fund will be divided pro rata based on the share of the employees' underpaid amounts as compared to the total amount of the "Net-Under" employees' aggregate underpayment amount. Any employee that received an overpayment or were not overpaid or underpaid will receive $40.00. The amounts were allocated in this way related to the probability and ability to receive damages at trial.

For all of these reasons, the court finds it "will likely be able to" grant final approval under Federal Rule of Civil Procedure 23(e)(2) and the first requirement for granting preliminary approval is satisfied.

### B. The Court "Will Likely Be Able To" Certify The Class For Judgment On The Settlement

The second requirement is also satisfied. In deciding whether the court "will likely be able to certify" a class for entry of judgment on a proposed settlement, a court evaluates whether the proposed class meets the four requirements of Federal Rule of Civil Procedure 23(a) and any one of the requirements of the subsections of Federal Rule of Civil Procedure 23(b), which in this case is subsection 23(b)(3). *See, e.g.,*, Bell v. PNC Bank, N.A., 800 F.3d 360, 373 (7th Cir. 2015).

Under Federal Rule of Civil Procedure 23(a), the proposed class must satisfy the four requirements of numerosity, commonality, typicality, and

7

adequacy. *Id.* Numerosity is satisfied where joinder of all class members is impracticable and is generally met when there are as few as 40 or more class members. Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 860 (7th Cir. 2017). Commonality is met where there is at least a "single common question of law or fact" involved and where the class's claims "depend upon a common contention that is capable of class-wide resolution." Bell v. PNC Bank, N.A., 800 F.3d 360, 374 (7th Cir. 2015). Typicality is met where "the named representatives' claims have the same essential characteristics as the claims of the class at large." Muro v. Target Corp., 580 F.3d 485, 492 (7th Cir. 2009). Adequacy of representation refers to "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993).

The class meets the Federal Rule of Civil Procedure 23(a) requirements of numerosity, commonality, typicality, and adequacy. Numerosity is met because there are thousands of class members. *See, e.g.,* Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 860 (7th Cir. 2017). Commonality is met because all class members share the "common question of law or fact" and their claims "depend upon a common contention that is capable of class-wide resolution," specifically whether Community Health underpaid non-exempt employees during the system outage, whether Community Health acted in good faith in response to the outage, whether Community Health knew or should've known that it was violating federal and state law, and the extent of the damages as a

8

result of the outage. Bell v. PNC Bank, N.A., 800 F.3d at 374; *see also* In re FedEx Ground Package Sys., Inc., 273 F.R.D. 424, 435 (N.D. Ind. 2008). The putative class members' claims arise from the same system outage that resulted in a disruption of paying wages. *See* In re FedEx Ground Package Sys., Inc., 273 F.R.D. at 435 ("A common nucleus of operative fact usually is enough to satisfy the commonality requirement of Rule 23(a)(2)"). Community Health doesn't oppose that the commonality requirement is met for settlement purposes.

Typicality is met because "the named representatives' claims have the same essential characteristics as the claims of the class at large." Muro v. Target Corp., 580 F.3d 485, 492 (7th Cir. 2009). Ms. Harvey seeks to recover the same fees on the same theory as the class members. To prevail on her claims, Ms. Harvey would have to prove the same wrongful conduct as the putative class members, so Ms. Harvey is similarly situated as the putative class members. Community Health doesn't dispute that the typicality requirement is met for settlement purposes.

Lastly, adequacy is met because Ms. Harvey and her counsel fairly and adequately protected the interests of the class. Fed. R. Civ. P. 23(a)(4). Ms. Harvey has a sufficient interest in the outcome of the case to ensure vigorous advocacy and doesn't have interests antagonistic to those of the class. *See* Saltzman v. Pella Corp., 257 F.R.D. 471, 480 (N.D.Ill.2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010). Ms. Harvey is arguing the same violations of law under Fair Labor Standards Act and Indiana Wage and Payment statute, based the same system outage and pay disruption, is seeking the same remedies, and has a common

9

interest in obtaining the same relief as the putative class members. For settlement purposes, Community Health doesn't contest Ms. Harvey's counsel's adequacy.

The court next evaluates whether any one of the requirements of the subsections of Rule 23(b) are satisfied. Ms. Harvey meets the "predominance" and "superiority" requirements of Rule 23(b)(3). The requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The "predominance requirement is satisfied when common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012). The superiority requirement is generally satisfied when a class action would aggregate many relatively small-value individual claims into one case. Butler v. Sears, Roebuck & Co., 727 F.3d 796, 801-802 (7th Cir. 2012). Further, in the context of a settlement, a court doesn't need to consider manageability issues that might make a class trial complicated because a settlement resolves all the claims without a trial. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").

Predominance is satisfied because there are common questions that can be resolved for all members of a class in a single adjudication, as all the claims depend on whether Community Health violated the Fair Labor Standards Act and Indiana Wage Payment statute that arise from the same common nucleus of facts that involved a system outage. *See, e.g.,* Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012). Ms. Harvey and the putative class members would be entitled to the same remedies if Community Health was found to be in violation of those laws. For settlement purposes, Community Health doesn't contest Ms. Harvey's position that the predominance requirement is met.

Superiority is satisfied because a class settlement permits the low-value claims to be adjudicated for thousands of class members in one action without the need for the complexities of trial. *See e.g.,*, Butler v. Sears, Roebuck & Co., 727 F.3d 796, 801-802 (7th Cir. 2012). Community Health also agrees for the purposes of settlement that the requirements of Federal Rule of Civil Procedure 23(b)(3) are met. Class certification is an efficient way to allow recovery for class members' claims that would otherwise be uneconomical if pursued individually. Burnett v. Conseco Life Insurance Co., 2020 WL 4207787, at *4 (S.D. Ind. 2020)(holding that the superiority requirement was met because "Plaintiffs [otherwise] would have a difficult and costly task in seeking relatively small damages solely on an individual basis."). Ms. Harvey meets the "predominance" and "superiority" requirements of Rule 23(b)(3).

CLASS CERTIFICATION

Because the requirements under Federal Rule of Civil Procedure 23 are met, the court conditionally certifies the classes below for purposes of preliminary approval and notice and for proceeding towards a final approval hearing on the settlement:

> All current and former hourly or salaried employees of Community Health Network, Inc. and its subsidiaries who were nonexempt under the Fair Labor Standards Act and worked for Community Health Network, Inc. or its subsidiaries in Indiana at any time during the Kronos Outage from December 11, 2021 through January 25, 2022.

A Fair Labor Standards Act collective action is conditionally certified under the Fair Labor Standards Act pursuant to 29 U.S.C. 216(b) for a group of alleged similarly situated individuals consisting of:

> All current and former hourly or salaried employees of Community Health Network, Inc. and its subsidiaries who were nonexempt under the Fair Labor Standard Act and worked for Community Health Network, Inc. or its subsidiaries in the United States at any time during the Kronos Outage from December 11, 2021, through January 25, 2022.

Pending the outcome of the final fairness hearing, class members are preliminarily enjoined from commencing, prosecuting, or maintaining any claim already asserted in, and encompassed by, this litigation.

The court appoints J. Corey Asay of Morgan & Morgan, P.A. and Matthew S. Parmet, Esq. of Parmet, P.C., as class counsel and appoints Ms. Harvey as class representative. Fed. R. Civ. P. 23(g).

<u>Notice to Class Members</u>

Once the court finds that the requirements for preliminary approval are met, it "must direct notice in a reasonable manner to all class members" to inform them of the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Notice may be given by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The proposed notice attached to the settlement agreement meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).[Doc. No. 84-1 at pp. 20-27 and Doc. No. 84-2]. The manner of distribution proposed in the settlement agreement by first class United States mail to from a settlement administrator to putative class members is approved by the court as the best notice practicable to the class. [Doc. No. 84-1 at pp. 7-9]. The form and manner of notice proposed in the settlement [Doc. No. 84-2] comply with Rules 23(c) and (e) and the requirements of Due Process.

By the parties' settlement agreement, class counsel must provide the settlement administrator with a confidential list of the information outlined in

13

the settlement agreement within **fourteen days** of this order. [Doc. No. 84-1 at p. 7]. The settlement administrator must send all putative class members the notice of settlement via USPS within **ten days** of receiving the information outlined in the settlement agreement. [Id. at pp. 7-8].

### CLASS MEMBER RESPONSES

A class member who wishes to exclude himself or herself from the settlement agreement, and from the release of claims and defenses provided for under the terms of the settlement agreement, must submit an exclusion letter by mail to the settlement administrator. For an exclusion letter to be valid, it must be postmarked no later than **forty-five days** from the date the notice of settlement is mailed. Any exclusion letter must identify:

> a. The name and case number of this lawsuit (Harvey v. Community Health Network, Inc., Case No. 1:22-cv-00659-RLM-MJD);
>
> b. The class member's full name, mailing address, email address, and telephone number;
>
> c. An explanation of why they believe they are a class member;
>
> d. The words "Notification of Exclusion," or other statement that they want to be excluded from the settlement; and
>
> e. A handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient. The class member's exclusion letter must be signed by the class member, personally, and not your lawyer or anyone else acting on the class member's behalf. "Mass" or "class" opt-outs made on behalf of multiple persons or classes of persons will be deemed invalid.

[Doc. No. 84-2, at p. 6].

Class members who submit a timely and valid request for exclusion from the settlement shall not participate in and shall not be bound by the settlement. Class members who do not timely and validly opt out of the settlement in accordance with the notice will be bound by all determinations and judgments in the action concerning the settlement.

At least **seven days** prior to the date of the final approval hearing, class counsel must file a notice of class members who chose to opt out, listing the names of all persons or entities who timely and validly excluded themselves from the settlement.

Class members who have not excluded themselves will be given an opportunity to object to the terms of the settlement. To be valid and considered by the court, the objection must be in writing and sent by first class mail, postage pre-paid, to the settlement administrator. The objection must be postmarked no later than **forty-five days** from the date the notice is mailed, and must include:

a. The name and case number of this lawsuit (Harvey v. Community Health Network, Inc., Case No. 1:22-cv-00659- RLM-MJD);

b. The class member's full name, mailing address, email address, and telephone number;

c. An explanation of why they believe they are a class member;

d. All reasons for their objection and whether it is specific to the class member or applies to any other employees;

e. A statement identifying the class action settlements they have previously objected to;

f. Whether the class member intends to personally appear or testify at the Final Approval Hearing;

15

    g. The name and contact information of any attorneys representing, advising, or assisting the class member, including any counsel who may be entitled to compensation for any reason related to their objection or comment;

    h. Whether any attorney will appear on the class member's behalf at the Final Approval Hearing, and if so the identity of that attorney;

    i. The identity of any persons who wish to be called to testify at the Final Approval Hearing; and

    j. The class member's handwritten or electronically imaged written (e.g.,, "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

[Doc. No. 84-2, at p. 5].

Class counsel must file all objections received and any response at least **seven days** prior to the date of the final approval hearing.

MOTIONS FOR FEES, AWARDS, EXPENSES, AND FINAL APPROVAL HEARING

Class counsel must file a motion for approval of attorneys' fees, costs, and expenses, along with any supporting materials, **fourteen days** before the opt-out/objection deadline.

After the time for objections and opt-out requests has passed, the court will consider whether to grant final approval, considering any objections raised by class members. Fed. R. Civ. P. 23(e)(2). Class counsel must file a motion for final approval of the settlement **fourteen days** prior to the final approval hearing. A final approval hearing will be held on **Wednesday, July 19, 2023, at 1:00 P.M. (EST)** at the Birch Bayh Federal Building & U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204, Courtroom 349, to determine whether the settlement is fair, reasonable, and adequate and should be finally approved; determining whether a final approval order should be entered; and considering

class counsel's application for an award of attorneys' fees under Federal Rule of Civil Procedure 23(h).

If the settlement does not become effective, the settlement shall be without prejudice to the status quo ante rights of the parties, and all orders issued pursuant to the settlement will be vacated. The court may adjourn the date and/or time of the final approval hearing without further notice to the class members and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

The court GRANTS the unopposed motion for preliminary approval of settlement [Doc. No. 84]: (1) certifying a class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes; (2) appointing Ms. Harvey to represent the members of the settlement class; (3) preliminarily approving the settlement of this action; (4) approving the timing, form, content, and manner of the giving of notice of the settlement to the settlement class; and (5) setting a final approval hearing for **Wednesday, July 19, 2023, at 1:00 P.M. (EST).**

SO ORDERED.

DATED: May 2, 2023

/s/ Robert L. Miller, Jr.
United States District Judge

Distribution to all counsel of record via CM/ECF.