UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROOKE HARVEY, individually and on behalf of all others similarly situated,<br><br>v.<br><br>COMMUNITY HEALTH NETWORK, INC. | Case No. 1:22-cv-00659-TWP-MJD<br>FLSA Collective Action<br>Fed. R. Civ. P. 23 Class Action<br><br>Chief Judge Tanya Walton Pratt<br><br>Magistrate Judge Mark J. Dinsmore |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiff Brooke Harvey's Unopposed Motion for Final Approval of Class Action Settlement.

The Court previously entered an order preliminarily approving the class action settlement between Harvey, individually and on behalf of all others similarly situated, and Community Health Network, Inc. ("Community Health") and approving notice to potential class members. The terms of the settlement are set forth in the Settlement Agreement attached as Exhibit A to Harvey's Motion. All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement

The Court has reviewed and considered Harvey's Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the Parties. The Court has considered whether the settlement is fair, reasonable, and adequate, based on the information provided by the Parties and obtained through its own research.

Having done so, the Court is of the opinion that the Motion should be and hereby is GRANTED.

The Court therefore ORDERS as follows:

1. The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and the class.

2. The terms of the Parties' Settlement Agreement and Release are finally approved as being fair, reasonable, and adequate to the class members.

3. The Court finally approves the Class and Collective Action Settlement Agreement (the "Settlement") attached as Exhibit A to Plaintiff's Motion for Preliminary Approval.

4. This Order utilizes the definitions in the Settlement Agreement, and all capitalized terms used in this Order shall have the meanings set forth in the Settlement Agreement, unless otherwise defined.

5. The Court previously certified the following class pursuant to Rule 23(b)(3) for settlement purposes:

> All current and former hourly or salaried employees of Defendant and its subsidiaries who were nonexempt under the Fair Labor Standards Act and worked for Defendant or its subsidiaries in Indiana at any time during the Kronos Outage from December 11, 2021, through January 25, 2022.

6. The Court further previously certified the following FLSA Collective pursuant to 29 U.S.C. 216(b) for settlement purposes:

> All current and former hourly or salaried employees of Defendant and its subsidiaries who were nonexempt under the Fair Labor Standard Act and worked for Defendant or its subsidiaries in the United States at any time during the Kronos Outage from December 11, 2021, through January 25, 2022.

7. The notice provided to class members pursuant to the terms of the Settlement Agreement and the Court's Preliminary Certification Order fully and accurately informed Class Members of all material elements of the Settlement Agreement and constituted valid, sufficient, and due notice to all Class Members. The notice and the notice process fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.

8. Pursuant to the terms of the Settlement Agreement, Defendants agreed to pay $3,990,000 into a settlement fund to make payments to the Class and Collective Members, pay the Settlement Administrator the costs of notice and Settlement Administration Expenses in addition to and separately from the settlement fund, pay the cost of mediation in addition to and separately from the payment fund, pay a service awards to Harvey in the amount of $5,000, and forgo recoupment of overpayments made to Class and Collective Members. The Settlement Fund is non-reversionary.

9. Absent any appeal, the Effective Date of the Settlement will be October 6, 2023.

10. On or before the 14th day following the entry of this Order, Community Health shall deposit all funds owed under the Settlement Agreement to the Settlement Administrator.

11. On or before the 21st day after such funds are deposited with the Settlement Administrator, the Settlement Administrator shall disburse all payments to Class and Collective Members and Class Counsel under the Settlement Agreement.

12. Checks issued by the administrator will be valid for 180 days from issuance.

13. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of Settlement Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Class and Collective members risked losing on the merits because their remaining claims turn on the resolution of the unsettled legal question of whether Community Health's pay practice at issue violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and/or the Indiana Wage Payment Statute (IWPS), I.C. § 22-2-5 *et seq.* The claims and distribution process are effective and fair. The settlement was negotiated at arms' length with the assistance of a third-party mediator. Class Counsel find the settlement

to be in the best interest of class members. Only one potential class member objected to the settlement, and that objection is overruled. In addition, the Court finds that Plaintiff and Class Counsel adequately represented the Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the court has considered the criteria set forth in Federal Rule of Civil Procedure 23(e).

14. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

15. The Settlement Administrator executed the notice process according to the terms of the Settlement Agreement. The notices apprised Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the class under the Settlement Agreement; of the res judicata effect on class members and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to class members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Court has afforded a full opportunity to all class members to be heard. Accordingly, the Court determines that all Class Members are bound by this Final Approval Order and the Judgment.

16. The Court approves payment of attorneys' fees in the amount of $1,330,000.00 and reimbursement of litigation expenses to Class Counsel in the amount of $2,846.32. These amounts

shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable considering the work performed by Class Counsel and the benefits obtained by Class and Collective Members.

17. The Court approves a service award payment of $5,000.00 for Harvey, the class representative, and finds the amount to be reasonable considering the services performed by the class representatives for the classes. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Community Health of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Community Health in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action,

19. Harvey and Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all Released Claims against the Released Persons. Harvey and Settlement Class Members who did not opt out of the Settlement are barred from prosecuting any Released Claims against the Released Persons.

20. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

21. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

22. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment consistent with the Settlement be entered as final and appealable and the case DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: 9/18/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Service of this document will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.